# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

| | |
|---|---|
| In re:<br><br>**David Loewenstein,**<br><br>          **Debtor.** | **Bankruptcy Case<br>No. 11-02729-JMM** |

_____

| | |
|---|---|
| **David Loewenstein,**<br><br>         **Plaintiff,**<br>vs.<br><br>**United States Department<br>of Education,**<br><br>        **Defendant.** | **Adversary Case<br>No. 17-06021-JDP** |

_____

## MEMORANDUM OF DECISION

_____

### *Introduction*

On July 28, 2017, David Loewenstein ("Debtor") filed an adversary

MEMORANDUM OF DECISION – 1

complaint in this reopened chapter 7[1] case, seeking to establish that certain

student loan debts owed to the United States Department of Education

("Education") may be discharged.  Dkt. No. 1.  Debtor amended the

complaint, first on October 31, 2017,  Dkt. No. 8, and again on January 18,

2018.  Dkt. No. 26.  Education filed an answer to the second amended

complaint on January 19, 2018.  Dkt. No. 31.  On February 5, 2018,

Education filed a Motion for Judgment on the Pleadings as to two of

Debtor's three claims under Civil Rule 12(c), and a request to dismiss the

action for failure to join necessary parties, or to add those parties, under

Rule 12(b)(7).  Dkt. No. 32.

　　After a hearing on March 6, 2018 at which counsel for the parties

offered arguments, and the parties failed to resolve this dispute during a

60-day period, the Court took the issues raised by the motion under

advisement.  Dkt. No. 36.  Having considered the record and submissions,

---

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal
Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references
are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION – 2

as well as the applicable law, this Memorandum disposes of the motion.

*Facts*

In this context, the operative facts are those alleged in Debtor's

second amended complaint.

Debtor filed a chapter 7 petition on September 7, 2011.  Dkt. No. 26,

¶ 6.  Debtor listed several student loan debts on his Schedule F.  *Id.* at ¶ 8.

Debtor alleges the student loans listed in the petition were all federal

Direct Plus Loans made for the educational benefit of his son, Cameron

Lowenstein ("Cameron").  *Id.* at ¶ 9.  The Court entered a discharge in

Debtor's favor on January 5, 2012.  *Id.* at ¶ 10.

Debtor contends that the student loans were obtained fraudulently;

indeed, when his wife at the time, Susette Wienke ("Wienke"), asked

Debtor to co-sign for the student loans, Debtor alleges he refused to do so.

*Id.* at ¶¶ 11, 13.  Debtor alleges that, despite his refusal, Wienke and/or

Cameron forged his signature on student loan applications and guarantees

without his permission.  *Id.* ¶ 14.

Debtor asserts that Cameron used the student loans to pay tuition at

MEMORANDUM OF DECISION – 3

the Academy of Art College in San Francisco, California. *Id.* at ¶¶ 16, 17.

Debtor became aware of the student loans when Academic Loan Group, a

previous servicer of the loans, and Education, started collection efforts. *Id.*

at ¶ 21. Debtor first reported the fraud associated with the loans to

Academic Loan Group in March 2011, and to other entities, including

Education, repeatedly between 2013 and 2015. *Id.* at ¶¶ 22–29. There is a

dispute as to whether Debtor formally challenged the validity of the loans

with Education. *Id.* at ¶ 30; Dkt. No. 31, ¶ 14.

Based on these allegations, Debtor seeks relief in the second

amended complaint on three separate bases. Dkt. No. 26 at ¶¶ 31–53. In

Claim One, pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201,

Debtor requests a declaration by the Court that the subject student loans

"are not [Debtor's] obligation or not a debt owed by him." *Id.* ¶¶ at 32–34.

In Claim Two, Debtor argues that, if this Court instead determines that the

student loans are a debt of the Debtor, then alternatively, those loans

should be discharged because they were fraudulently obtained by others.

*Id.* at ¶¶ 36–43. In Claim Three, if this Court decides that the student

MEMORANDUM OF DECISION – 4

loans are a debt of the Debtor, he alleges his debt for the loans should be discharged under § 523(a)(8) because repayment would constitute an undue hardship. *Id.* at ¶¶ 45–53.

In its motion, Education argues that it is entitled to a judgment on the pleadings under Civil Rule 12(c) as to Claims One and Two. Dkt. No. 32. Education asserts two bases for its request. *Id.* First, Education argues Debtor's Claims fail to state a claim upon which relief can be granted because the Claims are barred by the applicable Idaho statutes of limitation. *Id.* at ¶¶ 7, 12. Second, Education argues that Debtor's Claims fail to join necessary parties Wienke and Cameron, and requests this Court to order them to be added as parties. *Id.* at ¶ 16.

Debtor responded to the Motion; Education replied to Debtor's response. Dkt. Nos. 35, 36.

### *Analysis and Disposition*

*A.   The Applicable Rules*

<u>1. Civil Rule 12(c) Standard</u>

Civil Rule 12(c), incorporated in adversary proceedings by Rule

MEMORANDUM OF DECISION – 5

7012(b), provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In effect, "the motion is identical to a motion under Civil Rule 12(b)(6) for failure to state a claim, the difference being that a Rule 12(c) motion is brought after the pleadings are closed." *Zazzali v. Goldsmith (In re DBSI Inc.)*, 2013 WL 1498365, at *2 (Bankr. D. Idaho 2013). Since "the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Id.*

In analyzing a Civil Rule 12(c) motion, the nonmoving party's allegations are accepted as true, and the trial court must construe all factual allegations in the complaint in the light most favorable to the nonmoving party. *Id.* (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." *Id.* at *3 (citing *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011)). The

MEMORANDUM OF DECISION – 6

purpose of Civil Rule 12(c) is to provide a means of "disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings[.]" *Id.* (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d Ed. 2004) at 206–07).

2. Civil Rule 12(b)(7) and Civil Rule 19 Standards

Civil Rule 12(b)(7) and Civil Rule 19 are also applicable in adversary proceedings. *See* Rules 7012(b) and 7019.

Under Civil Rule 12(b)(7), the trial court must consider whether an action should be dismissed due to a "failure to join a party under [Civil] Rule 19." As with a Civil Rule 12(c) motion, a Civil Rule 12(b)(7) motion also requires the court to accept the allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Id.*

To decide whether a party must be joined to an action under Civil Rule 19, a trial court must engage in three successive inquiries. *EEOC. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). "First, the court must decide whether a nonparty should be joined under [Civil] Rule 19(a)." *Id.*

MEMORANDUM OF DECISION – 7

A person within the reach of the subject-matter jurisdiction of a court should be joined if "the court cannot afford complete relief among the existing parties" in the absence of that person.  Civil Rule 19(a)(1)(A).  Also, a person "claim[ing] an interest relating to the subject of the action" should be joined if a person's ability to protect their claimed interests in the action would be impaired by a disposition of the action in that person's absence.  Civil Rule 19(a)(1)(B)(i).  Where a nonparty has an interest in an action, the court must also take care that its disposition of the action does not leave "an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Civil Rule 19(a)(1)(B)(ii).

Second, if the court finds that a party is necessary to the litigation, it must next "determine whether it is feasible to order that the absentee be joined." *Peabody*, 400 F.3d at 779.  Joinder is not feasible "when venue is improper, when the absentee is not subject to personal jurisdiction, [or] when joinder would destroy subject matter jurisdiction." *Id.*

Third, if joinder is not feasible, the trial court must determine

MEMORANDUM OF DECISION – 8

"whether the [action] can proceed without the absentee or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.* Indispensable parties under Civil Rule 19(b) are "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Id.* at 780 (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139 (1854)).

The party raising a Civil Rule 19 defense has the burden of proving that a nonparty must be joined. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). If a required party has not been joined, "the court must order that the person be made a party." Civil Rule 12(a)(2).

*B. Application of Rules*

### 1. Debtor's Request for Declaratory Judgment Will Not Be Dismissed on the Pleadings.

The Declaratory Judgments Act, 28 U.S.C. § 2201 (2010), authorizes federal courts to "declare the rights and other legal relations of any

MEMORANDUM OF DECISION – 9

interested party seeking such declaration."  Under the Act, Congress

"enlarged the range of remedies available in federal court, but did not

extend their jurisdiction."  *Wang v. Cherthoff*, 676 F. Supp. 2d 1086, 1095 (D.

Idaho 2009) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671

(1950)).  "The existence of another adequate remedy does not preclude a

declaratory judgment that is otherwise appropriate."  Civil Rule 57.

 Here, Debtor asks this Court to declare that the student loans are not

his obligation or debt.  Debtor insists that he "never signed any

applications for the Student Loans or otherwise agreed to repay the

loans[,]" and that the applications for the loans were "fraudulently

submitted" bearing his purported signatures.  Dkt. No. 26, ¶ 33.

 In response, Education asserts that this Court should not consider

the merits of Debtor's request for declaratory relief because it is time-

barred under the four-year statute of limitations period that generally

applies to civil cases under  Idaho Code § 5–224.[2]  Dkt. No. 32, ¶¶ 12–13.

---

 [2] Alternatively, Education argues that the three-year statute of limitations
applicable to fraud claims under Idaho Code § 5–218 would apply, similarly
barring consideration of the request for declaratory relief.

MEMORANDUM OF DECISION – 10

Debtor concedes he became aware of the alleged fraud concerning the student loans no later than March 2, 2011.  Dkt. No. 26, ¶ 22.  This action was commenced on July 28, 2017, and so at first glance, Debtor's request for declaratory relief would seem to be barred by the Idaho statute of limitations.

However, as Debtor points out, Education misconstrues the applicability of the statute of limitations under these circumstances. Statutes of limitation "establish[] a time limit for suing in a civil case, based on the date when the claim accrued." *Statute of Limitations*, Black's Law Dictionary (10th ed. 2014).  Limitation statutes "are aimed at lawsuits, not at the consideration of particular issues in lawsuits." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415 (1998) (quoting *United States v. Western Pac. R. Co.*, 352 U.S. 59, 72 (1956)).

Here, Education contends that Debtor's claim for declaratory relief accrued no later than March 2, 2011, when he became aware of the alleged fraud.  Indeed, if Debtor were seeking to recover for fraud against Wienke and Cameron, those claims might well be time-barred.  But here, Debtor is

MEMORANDUM OF DECISION – 11

not seeking any affirmative recovery; he does not claim Education

engaged in fraud.  Instead, Debtor seeks a declaration from this Court that

he is not legally responsible for the student loans because they are not his

debts.

Bankruptcy courts are empowered to adjudicate "civil proceedings

. . . arising in or related to cases under [the Bankruptcy Code]."  28 U.S.C.

1334(b).  Indeed, "determinations as to the dischargeability of particular

debts" are deemed "core" proceedings under 28 U.S.C. § 157(b)(2)(I).  And,

as this Court has explained, "[i]t is difficult to see how the Court could

determine . . . whether a debt is excepted from discharge without also

determining whether any debt in fact exists in the first instance, and the

amount of that debt."  *Itano Farms, Inc. v. Currey (In re Currey)*, 154 B.R. 977,

979 (Bankr. D. Idaho 1993).  Here, to decide whether Education's debts are

discharged, the Court must, in part, consider whether others engaged in

fraud in connection with obtaining the student loans.  By requesting that it

do so, Debtor does not transform its claim from request for a

dischargeability determination into a fraud claim.  Since a determination

MEMORANDUM OF DECISION – 12

of the validity of the underlying debts here is an essential to its decision

whether the student loans are discharged,  the Idaho statute of limitations

is inapplicable to Debtor's claim, and Education's motion for judgment on

the pleadings on Claim One will be denied.

> 2. Debtor's Claim for Discharge of Student Loans Based on Fraud
> Will Not Be Dismissed on the Pleadings.

In the Court's view, Debtor's Claim Two bears a striking

resemblance to Claim One.  In Claim Two, Debtor argues he is "entitled to

a discharge of the fraudulently obtained [student loan] debt[]" because

Debtor never signed for, guaranteed, authorized, ratified, or benefitted

from the issuance of the loans.  Dkt. No. 26, ¶¶ 36, 37, 39, 40, 42.  Debtor

complains that the loan applications "were signed by some other

individual" without his consent, and thus, Debtor is not responsible for

repayment because they were fraudulently obtained.  In its substance, this

claim is best characterized as a second iteration of Debtor's Claim One

parsed in slightly different form.

Given the similarity of Claims One and Two, predictably, Education

MEMORANDUM OF DECISION – 13

raises the same arguments regarding the applicability of statutes of

limitation to Debtor's Claim Two as it did with respect to Claim One.

Education again argues that Debtor's claim is a "fraud claim, for which the

statute of limitations has long expired." Dkt. No. 35, ¶ 1. For the purposes

of this motion, the Court finds no substantial difference between Claims

One and Two, nor did counsel for the parties raise any arguments to

render these two claims legally distinct in any meaningful way.

Accordingly, for the same reasons stated above regarding Claim One,

Education's motion for judgment on the pleadings as to Claim Two will

also be denied.

> 3. Neither Claims One or Two Should Be Dismissed Under Civil
> Rule 12(b)(7).

Education contends that, if the Court declines to dismiss Claims One

and Two on the pleadings, it should require Debtor to join Wienke and

Cameron as necessary parties under Civil Rules 12(b)(7) and 19. Dkt. No.

32, ¶ 16. Education argues that, if Debtor's allegations regarding the fraud

in relation to the student loans are true, this Court will be unable to

MEMORANDUM OF DECISION – 14

"accord complete relief among existing parties" in the absence of those that

allegedly perpetrated the fraud.[3]  *Id.*; Civil Rule 19(a)(1)(A).  Education

asserts it has substantial interests at stake in this action, as do Wienke and

Cameron, that would be prejudiced by the risk of having to re-litigate the

issues involved in another action, perhaps resulting in inconsistent relief

from separate courts.  Dkt. No. 36, at 4.  Education concludes that it is

therefore essential, for judicial efficiency and fairness, that Wienke and

Cameron be joined in this action.  *Id.* at 4–5.

In response, Debtor frames the issue before the Court narrowly,

thereby arguing that Wienke and Cameron are not necessary parties whose

participation is required to ascertain the validity of Debtor's liability for the

student loans.  Dkt. No. 35, ¶ 3.  Debtor suggests Education is free to

pursue collection of the debt from Wienke and Cameron in a separate

action, or to pursue a third-party claim against one or both of them in this

---

[3] The Court declines to address the applicability of Civil Rule 19(a)(1)(B) because no nonparty, such as Wienke or Cameron, has "claim[ed] an interest relating to the subject of the action."

MEMORANDUM OF DECISION – 15

adversary proceeding, but that they are not necessary to the Court's

decision about the narrow issue of Debtor's liability on the debt.  *Id.*

Normally, as a first step in the Civil Rule 19 analysis, the Court

would weigh these arguments and decide whether Wienke and Cameron

are necessary parties to this case under Civil Rule 19(a)(1)(A).  Indeed, both

Education and Debtor make compelling arguments on the issue of the

necessity of joining Wienke/Cameron in this action.  However, here, the

Court respectfully declines to weigh in on this issue because Education's

Civil Rule 12(b)(7) pleading fails to address the required second and third

prongs of the Civil Rule 19 analysis.

Hypothetically, if Education could persuade this Court that

complete relief could not be afforded among existing parties without the

joinder of Wienke/Cameron, the Court would consider the next step under

Civil Rule 19 analysis: the feasibility or ordering a joinder.  As the party

raising the joinder defense, Education has the burden of proving that

nonparties can feasibly be joined under Civil Rule 19, but it has simply

failed to argue any facts to show it is feasible to join Wienke or Cameron to

MEMORANDUM OF DECISION – 16

this action.  And if this Court were to find that their joinder was not feasible, then the case law requires the Court to decide whether this action should proceed in the absence of such necessary nonparties.  Education's pleadings also did not address this third step of the analysis.

Because Education has failed to demonstrate that Wienke/Cameron must be joined under Civil Rule 19, its motion to dismiss under Civil Rule 12(b)(7) will be denied.

### Conclusion

Education's motion for judgment on the pleadings will be denied in a separate order.  A pretrial conference will be scheduled to consider a trial date.

Dated:  August 7, 2018

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 17