UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:** <br><br> **David George Loewenstein,** <br><br> Debtor. | **Bankruptcy Case No. 11-02729-JDP** |
| **David George Loewenstein,** <br><br> Plaintiff, <br><br> v. <br><br> **United States Department of Education,** <br><br> Defendant. | **Adversary Proceeding No. 17-6021-JDP** |

**MEMORANDUM OF DECISION**

**Appearances:**

    Matthew Todd Christensen, ANGSTMAN JOHNSON, PLLC, Boise, Idaho, Attorney for Plaintiff.

    William M. Humphries, United States Attorney's Office, Boise, Idaho, Attorney for Defendant.

*Introduction*

This is not the usual adversary proceeding involving the dischargeability of a

MEMORANDUM OF DECISION – 1

bankruptcy debtor's student loan debts.  Indeed, the Code's[1] "undue hardship" test to discharge a student loan under chapter 7 is not implicated at all.  Instead, David George Loewenstein ("Plaintiff"), the plaintiff in this adversary proceeding, challenges his liability for the consolidated student loans ("Loan") he allegedly obtained for the benefit of his son, Cameron Loewenstein.  Because Plaintiff is not seeking to discharge this debt, the defendant United States Department of Education ("Defendant") is attempting to collect the balance due on the Loan.

Plaintiff's principal contention in this action is that he never applied for the underlying student loans, that his signatures on loan documents are forgeries, and thus he should not bear responsibility for the debt.  Simply put, Plaintiff asks the Court to declare that, based on the disputed facts, he did not borrow any money from Defendant and need not repay the Loan.  He seeks a declaratory judgment that Defendant's claims against him are invalid.  In response, Defendant argues that Plaintiff indeed signed the various operative documents and his liability for the Loan is clear.  However, before reaching the merits, Defendant contends there are least two defenses to the Court's authority to grant the relief Plaintiff requests.

The issues are ripe for decision.  The Court conducted a trial in the above-captioned adversary proceeding on October 24, 2019, after which the parties jointly requested a transcript of the proceedings, Dkt. No. 76; stipulated to supplement the

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION – 2

evidentiary record, Dkt. Nos. 78-79; and thereafter, filed their closing briefs. Dkt. Nos. 86; 87; 89; and 90. The issues were taken under advisement and the Court has now considered the record, the arguments of the parties, and the applicable law. This decision sets forth the Court's findings of fact, conclusions of law, and decisions concerning the issues. Fed. R. Bankr. P. 7052.

### *Preliminary Matters*

Before the Court can reach the merits of the dispute, Defendant raises two preliminary issues that must be addressed. Defendant offered these arguments in its pretrial brief, and again at the commencement of the trial. Dkt. No. 71; Trial Tr. at pp. 10–11. At trial, the Court indicated it would take the issues under advisement and proceed with the presentation of the evidence, as the parties were prepared to go forward at that time, and rule on Defendant's arguments after trial. Trial Tr. at p. 11.

As noted above, Defendant's preliminary arguments are two-fold. First, Defendant contends that, because Plaintiff does not raise issues concerning the dischargeability of Defendant's claims against him, then Plaintiff may not employ an adversary proceeding in connection with his bankruptcy case to resolve the issues he raises here. Second, Defendant contends that because it has not waived its sovereign immunity, Plaintiff may not pursue this action against it. The Court consider each of these arguments in turn.

MEMORANDUM OF DECISION – 3

### 1.  **May This Dispute be Resolved Via this Adversary Proceeding?**

In Plaintiff's second amended complaint, he included a claim for discharge of the Loan on the grounds of undue hardship pursuant to § 523(a)(8). Such a claim for relief under the Code provides a proper basis for an adversary proceeding under Rule 7001(6).[2] However, on August 21, 2019, Plaintiff and Defendant stipulated that this claim should be dismissed, and it was. Dkt. Nos. 64, 65. Because the dischargeability claim was dismissed, Defendant contends that none of Plaintiff's remaining claims for relief may be sought via a bankruptcy adversary proceeding as enumerated in Rule 7001, and thus Rule 7001(9), which permits an adversary proceeding "to obtain a declaratory judgment relating to any of the foregoing [subsections 1–8]," is inapplicable, rendering Plaintiff's action here without a sufficient procedural foundation in the Code or Rules.

Plaintiff counters, arguing that because he seeks a declaration that the Loan debt is not his valid debt, this action seeks "equitable relief," and thereby Rule 7001(7) supplies a proper basis for his adversary proceeding. Since Plaintiff's claim invokes one of the enumerated grounds for an adversary proceeding under Rule 7001(7), he reasons, the declaratory judgment provision under Rule 7001(9) applies. Plaintiff provides no further explanation or authority regarding the equitable nature of the declaratory relief he seeks.

---

[2] Rule 7001 provides that "[t]he following are adversary proceedings:" and then catalogues the ten types of relief that may be sought under that Rule. Subsection (6) is a "proceeding to determine the dischargeability of a debt," which would include the student loan undue hardship claim Plaintiff originally asserted. Subsection (7) provides that an adversary proceeding is also proper for "a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief." Finally, subsection (9) allows an adversary proceeding "to obtain a declaratory judgment relating to any of the foregoing [subsections]."

MEMORANDUM OF DECISION – 4

Plaintiff's argument is, on its face, circular.  Essentially, he argues that because a declaration is equitable in nature, then this provides proper grounds for an adversary proceeding under Rule 7001(7), and because one of the enumerated grounds is present, then Plaintiff may seek a declaratory judgment under Rule 7001(9).  That is not a proper analysis of this issue.

"A particular declaratory judgment draws its equitable or legal substance from the nature of the underlying controversy." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 867 (9th Cir. 2017) (quoting *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1251–52 (9th Cir. 1987) ("A declaratory judgment does not necessarily constitute a form of 'equitable' relief," but "draws its equitable or legal substance from the nature of the underlying controversy.")  Moreover, "legal claims are not magically converted into equitable issues by their presentation to a court of equity." *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 52, 109 S.Ct. 2782, 2796 (1989) (quoting *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, (1970)).

What is the nature of the underlying controversy presented here?  In his complaint, Plaintiff first seeks "a declaration that the [Loan is] not his obligation or a debt owed by him," and second that because he "never requested, agreed to accept or guaranty, or received any benefit from the [Loan], [the Loan is] not his obligation to repay, and he is entitled to a discharge of the fraudulently obtained debt."  Dkt. No. 26 at ¶¶ 34, 43.  Reading the complaint liberally, Plaintiff seeks a legal determination by this Court that

MEMORANDUM OF DECISION – 5

the Defendant's debt is not his obligation and that he is therefore "discharged" from having to pay it. Defendant disagrees with this characterization of Plaintiff's claim.

The Court concludes the relief Plaintiff seeks in this action is equitable in nature. Like most debtors in bankruptcy, Plaintiff essentially seeks relief from this Court to enjoy the benefit of his bankruptcy discharge in the face of a creditor's collection activities. He seeks no money damages nor any specific form of recovery from the Defendant, but instead, requests a determination of the nature and extent of his obligation as to a specific debt. Effectively, Plaintiff asks for an order declaring that Defendant may not seek to collect the debt from him, which it has been actively attempting to do, similar in nature to an injunction against the Defendant. Looking at the substance, and not merely the form of the relief sought, the underlying nature of Plaintiff's claims against Defendant is equitable. *In re Atighi*, No. BAP CC-10-1180-DKIPA, 2011 WL 3303454, at *5 n12 (9th Cir. BAP Jan. 28, 2011) (motion to invalidate the foreclosure sale seeks equitable relief); *In re Rodeo Canon Dev. Corp.*, No. BAP CC-10-1089-MKHD, 2010 WL 6259764, at *7 (9th Cir. BAP Oct. 28, 2010) ("Rule 7001(7) does not cover all types of equitable relief. The relief of interpreting, clarifying and modifying a prior court order pursuant to Civil Rule 60(b) is equitable in nature … [but] motions [to dismiss] under Civil Rule 60(b) in bankruptcy cases are considered contested matters that may be brought by motion). Because Plaintiff seeks equitable assistance from the Court via a declaratory judgment, Rules 7001(7) and 7001(9) in tandem provide a proper basis for this adversary

MEMORANDUM OF DECISION – 6

proceeding. Defendant's argument that Plaintiff's adversary proceeding is improper is overruled.

Defendant offers another reason why Plaintiff's claim should be procedurally barred here. It points out that the usual creditor claims litigation process was never invoked in Plaintiff's bankruptcy case because it was a "no-asset" case, and creditors, including Defendant, were not required to file proofs of claim. Defendant is correct that, under Rule 2002(e), when a no-asset case is filed, that is, one where it appears there will be no funds available for distributions to creditors, creditors may be notified that they need not file a proof of claim. This occurred here. Bk. Dkt. No. 2.[3] Since Defendant did not file a proof of claim, Plaintiff could not object to allowance of Defendant's claim under §§ 502(a) and (b) and Rule 3007. Defendant maintains that this adversary proceeding may not be used to make an "end run" around the procedures established in the Code and Rules for claims litigation. The Court agrees.

Because it was not required to file a proof of claim due to the no-asset nature of Plaintiff's bankruptcy case, as well as the instructions in the § 341 creditor notice, Defendant had no way of knowing that Plaintiff disputed the Loan as his debt in his bankruptcy case. Had Defendant been aware of Plaintiff's position, it may have been motivated to file a proof of claim in the bankruptcy case even though no distributions were contemplated to take advantage of the evidentiary presumption that operates in a

---

[3] "Bk. Dkt." refers to entries in the docket of Plaintiff's bankruptcy case, *In re Loewenstein*, 11-02729-JDP.

MEMORANDUM OF DECISION – 7

creditor's favor as to the validity of debts. *See* Rule 3001(f) (providing that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.")  Defendant also reminds the Court that, in his bankruptcy schedules, Plaintiff listed Defendant's Loan debt as his personal obligation, did not designate it as "disputed," and instead indicated he was paying $800 per month toward that debt.  Ex. 247.  Under these circumstances, Defendant would have had no reason to file a proof of claim as a means of asserting the validity of its claim against Plaintiff, thus requiring Plaintiff to file an objection to the claim under Rule 3007(a).  Only now, nine years later and after Defendant began to garnish Plaintiff's Social Security benefits to satisfy the Loan debt, does Plaintiff seek to engage in what is essentially claims litigation by disputing his liability on the Loan and seeking a determination that he should not be responsible for it.

The Court agrees that the procedural posture over what is, at bottom, a claim objection, is somewhat awkward.  Had Defendant been motivated to file a proof of claim in the bankruptcy case, it would have benefitted from the evidentiary presumption that its claim was valid.  However, the claims allowance process is primarily geared to determine what a creditor will get paid *in the bankruptcy case.*  Here, there will be no distributions to Defendant, and the central issue is whether Plaintiff's opportunity to achieve a fresh financial start will be burdened with a prebankruptcy debt he disputes he owes at all.  Moreover, even had Defendant filed a proof of claim to which Plaintiff might object, Plaintiff would not have been entitled to seek a declaratory judgment through the claim

MEMORANDUM OF DECISION – 8

litigation process. On the other hand, that process contemplates the inclusion of a claim objection in an adversary proceeding seeking the types of relief described in Rule 7001. *See* Rule 3007(b) ("[a] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding.")

Therefore, although Plaintiff's dispute over the validity of Defendant's claims against him might have properly been raised via an objection had Defendant filed a proof of claim in the bankruptcy case, the fact is, Defendant filed no such proof of claim. In light of this, Plaintiff choice to commence an adversary proceeding seeking equitable relief and a declaratory judgment is not prohibited by the Code or Rules and is appropriate.

### 2. Does Sovereign Immunity Protect Defendant From Plaintiff's Claims?

Defendant next contends that, as an agency of the United States government, it cannot be sued in this adversary proceeding absent either a waiver of sovereign immunity, or its consent to be sued. Defendant is correct.

"Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *Hunsaker v. United States*, 902 F.3d 963, 966 (9th Cir. 2018) (quoting *United States v. Bormes*, 568 U.S. 6, 9–10, 133 S.Ct. 12 (2012) (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34, 112 S.Ct. 1011 (1992))). The Department of Education is an agency of the United States, and as such, enjoys sovereign immunity from suit unless the United States has expressly waived such

MEMORANDUM OF DECISION – 9

immunity. *Hankerson v. U.S. Dep't of Educ.*, 138 B.R. 473, 475 (E.D. Pa. 1992) (citing *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351 (1980) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502 (1969))). A waiver of sovereign immunity is a jurisdictional prerequisite to actions against the United States. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983). Thus, because the doctrine is "jurisdictional in nature," Plaintiff bears the burden of establishing that its claims against Defendant fall within an applicable waiver. *Makorova v. United States*, 201 F.3d 110, 113 (2nd Cir. 2003); *In re Mitchell*, 222 B.R. 877, 880 (9th Cir. BAP 1998), *aff'd*, 209 F.3d 1111 (9th Cir. 2000) (the party bringing the action in federal court bears the burden of establishing the court's jurisdiction.)

Of course, the United States' sovereign immunity may be deemed to have been waived by Congress. The Code addresses the issue of sovereign immunity in bankruptcy cases. Section 106 provides as follows, in pertinent part:

> (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
>
>> (1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.
>
> * * * * *
>
>  (b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against

MEMORANDUM OF DECISION – 10

such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

Section 106(b), which provides that a government agency's filing of a proof of claim constitutes a waiver of sovereign immunity with respect to claims arising out of the same transaction or occurrence, is of no import here.  As discussed above, Defendant was neither required nor elected to file a proof of claim in the bankruptcy case prior to Plaintiff's commencement of this adversary proceeding, nor has it otherwise consented to be sued.  Accordingly, on this record, Plaintiff cannot rely upon § 106(b) to argue that Defendant's sovereign immunity is not a jurisdictional bar to this action.

The Court next turns to § 106(a), which provides a list of Code provisions as to which sovereign immunity is statutorily waived.  The Ninth Circuit has described the abrogation of sovereign immunity found in §106(a)(1) as "unambiguous," "absolute," and "unequivocal" as to actions based upon the Code sections listed therein.  *In re DBSI, Inc.*, 869 F.3d 1004, 1010 (9th Cir. 2017).

Defendant points out that "Rule 7001" is not among the sections for which sovereign immunity is deemed waived and observes that Plaintiff has alleged no specific Code provision which governs this proceeding.  Therefore, Defendant argues that § 106(a) is of no assistance to Plaintiff.

Plaintiff's Amended Complaint references only the Declaratory Judgment Act. Unfortunately for Plaintiff, the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction.  *Irwin v. Miami-Dade Cty. Pub. Sch.*,

MEMORANDUM OF DECISION – 11

No. 06-23029-CIV, 2008 WL 2397622, at *1 (S.D. Fla. June 10, 2008), *aff'd*, 398 F. App'x 503 (11th Cir. 2010) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876 (1950); *see also Household Bank v. JFS Grp.,* 320 F.3d 1249, 1253 (11th Cir. 2003) ("the operation of the Declaratory Judgment Act is procedural only".)

Plaintiff makes no persuasive argument to counter Defendant's position, and the Court will not construe either § 106(a) or (b) to apply here. Accordingly, Defendant's sovereign immunity argument has merit and Plaintiff has not met its burden of proving its claims fall within any statutory or other waiver. Plaintiff also does not argue that Defendant has consented to suit in this case. As a result, the Court concludes it lacks jurisdiction to adjudicate[4] this action.

### *Conclusion*

Because Defendant is protected by its sovereign immunity, the Court may not consider Plaintiff's claims for relief. For this reason, this adversary proceeding will be dismissed. Counsel for Defendant will submit an appropriate form of judgment for entry by the Court.

DATED: May 1, 2020

Jim D. Pappas
U.S. Bankruptcy Judge

---

[4] Once a court recognizes that a government entity has not waived its sovereign immunity, it is error to address the merits of the action. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 864, 128 S. Ct. 2180, 2189 (2008).

MEMORANDUM OF DECISION – 12